David E. Amaya (SBN 259418)
  E-Mail: damaya@fisherphillips.com
Andrew B. Dizon (SBN 357720)
  E-Mail: adizon@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PITSICK-PEREZ, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>  v.<br><br>SOUTHWEST AIRLINES CO.; and DOES 1-100,<br><br>    Defendants. | CASE NO.:  '25CV2079 DMS BLM<br>*Unlimited Jurisdiction*<br><br>*[Removed from San Diego County Superior Court Case No. 25CU036084C]*<br><br>**DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>SDSC Complaint Filed:  July 8, 2025<br>Trial Date:                Not Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RAYMOND PITSICK-PEREZ, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332(a), 1441(b) and 1446(b), Defendant Southwest Airlines Co. ("Defendant" or "Southwest") removes the above-entitled action from the San Diego Superior Court of the State of California to the United States District Court for the Southern District of California. In support of removal, Defendant states as follows:

# I.   PROCEDURAL HISTORY

On or about July 8, 2025, individually and on behalf of all other purportedly similarly situated non-exempt, hourly employees, Plaintiff Raymond Pitsick-Perez filed a putative class action complaint against Defendant in the Superior Court of the State of California, County of San Diego, Case No. 25CU036084C (the "Complaint"). On July 14, 2025, Plaintiff served a copy of the Complaint, Summons, and Civil Case Cover Sheet on Defendant. Attached hereto as **Exhibit 1** are true and correct copies of the Complaint, Summons, and Civil Case Cover Sheet. On July 15, 2025, Plaintiff's counsel filed Proof of Service of Summons. Attached hereto as **Exhibit 2** is a true and correct copy of the Proof of Service of Summons. On or about July 9, 2025, the Plaintiff issued a Notice of Case Assignment, Notice to Litigants and an Alternative Dispute Resolution Information packet. True and correct copies of these documents are attached hereto as **Exhibit 3**. On or about July 10, 2025, the Plaintiff's counsel filed a Notice of Jury Fee Deposit, and attached hereto as **Exhibit 4** is a true and correct copy of the same.

The Complaint asserts class claims for relief arising out of Plaintiff's employment with Defendant. Plaintiff asserts class claims for: (1) failure to pay all straight time wages; (2) knowing and intentional failure to comply with itemized employee wage statement provisions under Labor Code §§ 226, 1174, and 1175; (3) failure to pay all wages due at the time of termination of employment under Labor Code §§ 201, 202, and 203; and (4) violation of unfair competition law under Business and Professions Code §§ 17200, *et. seq.*

This Notice is timely filed in that August 13, 2025 (Wednesday) is the thirtieth (30th) day after Defendant was served with the Complaint in this action, setting forth the claims for relief upon which Plaintiff brings this case.

Plaintiff also names as defendants "DOES 1-100" in the Complaint. Defendant is informed and believes, and on that basis alleges, that Plaintiff has caused none of the fictitiously named defendants to be served with the summons and complaint in this action. Therefore, those fictitiously named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals*

DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE AND PETITION OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

FP 56038802.1

*Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition).

Plaintiff seeks to represent a putative class of "all hourly, non-exempt employees employed by Defendant and/or DOES who work at San Diego International Airport at any time during the Statutory Period."[1] (Complaint, ¶ 15.) Plaintiff defines the Statutory Period as four years prior to filing this action, or July 8, 2021, to the present ("Class Period"). (Complaint, ¶ 4.)

A copy of this Notice of Removal will be served on Plaintiff and filed with the Superior Court of California for the County of San Diego. **Exhibits 1-3** contain all process, pleadings, and orders served on Defendant in accordance with 28 U.S.C. § 1446(a). No other proceedings have been held in this action.

## II.    REMOVAL IS TIMELY

As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint on July 14, 2025.

## III.    DIVERSITY JURISDICTION EXISTS IN THIS ACTION UNDER CLASS ACTION FAIRNESS ACT

The Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d). As set forth below, this action is removable under CAFA, pursuant to the provisions of 28 U.S.C. §1441(a), as (a) minimal diversity (i.e., diversity between any defendant and any plaintiff or putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, inclusive of attorneys' fees, but exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5).

The notice of removal need only contain a "short and plain statement of the grounds for removal"; evidence is required only if the plaintiffs subsequently contest, or the Court questions, the removing party's allegations. *See Dart Cherokee Basin Operating Co., LLC*

---

[1] Defendant does not admit that this class, or any putative class, is properly defined, or otherwise ascertainable.

DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

FP 56083802.1

*v. Owens*, 574 U.S. 81, 86 (2014); *Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) (holding that "while *Dart Cherokee* focused only on the amount in controversy requirement, the Court finds that the rationale behind *Dart Cherokee* applies equally to other CAFA requirements"); *Vasquez v. Blue Cross of Cal.*, No. CV-15-2055-MWF AGRX, 2015 WL 2084592, at *3 (C.D. Cal. May 5, 2015) (finding that after *Dart Cherokee*, all that is required in a notice of removal is a "short and plain statement of the grounds for removal, which is a standard that tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure (quotations omitted)). This case satisfies the jurisdictional requirements under CAFA.

## A.    MINIMUM DIVERSITY EXISTS

### 1.    Plaintiff is a Citizen of California

CAFA requires minimal diversity, that is, at least one class member must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff was and is a resident of the State of California. (Complaint, ¶ 18.) For purposes of diversity jurisdiction, individuals are deemed citizens of the state of their domicile. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). One's domicile is one's "permanent home," which is "where [one] resides with the intention to remain or to which [one] intends to return." *Id.* "At minimum, a person's residence constitutes some evidence of domicile." *Id.* Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter*, 265 F.3d at 857; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994). An existing domicile is also presumed to continue. *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992); *Mitchell v. United States*, 88 U.S. (21 Wall.), 350, 353, 22 L.Ed. 584 (1875) "[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew*, 797 F.2d at 751; 28 U.S.C. § 1332(a)(1). Put differently, "[c]itizenship, for purposes of diversity jurisdiction, is synonymous with an individual's domicile." *640 Octavia, LLC v. Pieper*,

1    No. C18-01047 WHA, 2018 WL 4468495, at *3 (N.D. Cal. Sept. 18, 2018), citing *Lew*,

2    797 F.2d at 749-50. Plaintiff alleges that he has been and continues to be a resident of the

3    State of California. (Complaint, ¶ 18). Thus, under Ninth Circuit law, Plaintiff is

4    automatically deemed a citizen of California for purposes of removal. *Kanter*, 265 F.3d at

5    857; *640 Octavia, LLC*, 2018 WL 4468495, at *3; *Briggs v. Serv. Corp Int'l*, 653 F. Supp.

6    3d 839, 846 (W.D. Wash. 2023). Accordingly, Plaintiff is domiciled in and a citizen of the

7    State of California.

8             2.    **Defendant Is Not a Citizen of California**

9         At the time of the filing of this action, Defendant is, and was, a corporation organized

10    under the laws of Texas. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be

11    deemed to be a citizen of every State and foreign state by which it has been incorporated

12    and of the State or foreign state where it has its principal place of business." Under the

13    "nerve center test," a principal place of business refers to "the place where a corporation's

14    officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v.*

15    *Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" means "the place where

16    a corporation's officers direct, control, and coordinate the corporation's activities").

17         Southwest Airlines Co. is a corporation incorporated in Texas with its principal place

18    of business in Texas, located at 2702 Love Field Drive, Dallas, Texas 75235. Southwest's

19    Dallas office is the company's center of direction, control, and coordination. Many of

20    Southwest's executive and administrative functions are performed at its corporate

21    headquarters in Dallas. Matters relating to Southwest's finances, direction of general

22    business strategy, compliance with laws and legal services, and related corporate books

23    and records are all controlled by personnel in the Dallas office. Accordingly, Defendant is

24    a citizen of Texas (and, if necessary, also resident and domiciliary of Texas).

25             3.    **The Citizenship of Doe Defendants Must be Disregarded**

26         Does' Citizenship, pursuant to 28 U.S.C. section 1441(b)(1), the Court shall

27    disregard the citizenship of defendants sued under fictious names for purposes of

28    establishing removal jurisdiction under 28 U.S.C. section 1332. *See* 28 U.S.C. §1441(b)(1);

*Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-691 (9th Cir. 1998) (holding that when determining whether diversity of citizenship exists, only the named defendants are considered). Thus, the existence of Doe Defendants 1-100, does not deprive this Court of jurisdiction.

### B.    THE PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

Plaintiff brings this class action on behalf of himself and "all hourly, non-exempt employees employed by Defendant and/or DOES who work at San Diego International Airport" during the Statutory Period defined above. (Complaint, ¶¶ 1,4, and 25.) There is estimated approximately 966 such putative class members. The proposed class therefore far exceeds the minimum of 100 putative class members.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

Although Defendant denies liability in this matter, denies it owes any damages or penalties whatsoever, denies the case can be certified, and denies that Plaintiff or any putative class member is entitled to any relief from Defendant, the Court must assume that the allegations in the Complaint are true in determining the amount in controversy. *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014). Furthermore, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *Garnett v. ADT LLC*, 74 F.Supp.3d 1332, 1334 (E.D. Cal. 2015).

As relevant here, Defendant has determined that there are approximately 723 current putative class members and estimates this to be roughly the same across Plaintiff's alleged four-year Statutory Period. During the Statutory Period the putative class members earned approximately an average of $29.75 per hour.

Plaintiff alleges that Defendant required Plaintiff and putative class members to park in a designated parking lot approximately two miles away from the worksite. (Complaint, ¶ 51.) Plaintiff alleges the only way for Plaintiff and Class Members to get to the airport from this parking lot is take a shuttle. (*Id.*) Further, when they drive to work, they are not paid "for the time spend waiting for the shuttle to arrive or the time they spend traveling

on the shuttle to airport at the start of their shifts, nor are they paid for the time they spend waiting for shuttle or the time they spend traveling on the shuttle from the airport back to the park at the end of their shifts." (*Id.*) Plaintiff further alleges Defendant required Plaintiff and putative class members to arrive at the parking lot 30 minutes prior to their shift start time to account for this transportation time. (Complaint ¶ 52.) Plaintiff further alleges that despite these requirements, Defendant had a pattern and practice of not paying Plaintiffs and the putative class members for their transportation time, and the associated wait time spent traveling at Defendant's direction. (Complaint ¶ 51.)

Without making any admission of liability or damages, based on Plaintiff's allegations that Defendant required putative class members to park at a remote parking lot and take a shuttle to the worksite; for the purposes of this removal only, the calculations below assume putative class members typically had a total of 2 hours of unpaid straight time during each pay period, which is on the low end given Plaintiff's allegations relating to 30 minutes expected arrival prior to shift and that they were missing "several" hours of pay per pay period. (*See Id.* ¶¶ 52 and 66.)

### 1. Failure to Pay Straight Time Wages

Plaintiff alleges Defendant failed to pay Plaintiff's and putative class members' straight time wages for their transportation time and associated wait time at the beginning and end of their shift. Across Plaintiff's alleged four-year Statutory Period and class members, Defendant estimates upon information and belief that approximately 67,499 total pay periods are at issue. The average hourly rate for non-exempt employees was approximately $29.75 during the alleged Statutory Period. Should Plaintiff prevail on this claim on behalf of himself and the putative class members he seeks to represent, and based on the assumptions described above, unpaid straight time wages would amount to approximately **$4,016,190.50**. [2 hours of unpaid straight time x $29.75 average hourly rate x 67,499 total pay periods = $4,016,190.50].

### 2. Wage Statement Violations

Plaintiff alleges that Defendant knowingly and intentionally failed to provide the

DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE AND PETITION OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

FP 56083802.1

Plaintiff and putative class members accurate written wage statements. (Complaint ¶¶ 58-69.) Labor Code section 226 authorizes a penalty of $50 per employee for each initial violation per employee, and $100 per employee for each subsequent violation, up to a maximum of $4,000 per employee. Labor Code section 226 has a one-year statute of limitations. Code of Civil Procedure § 340. From July 8, 2024, to August 13, 2025, Defendant employed approximately 723 employees per pay period who collectively worked at least 19,521 semi-monthly pay periods, with each putative class member experiencing 27 pay periods.[2] Thus, the calculation for Section 226 penalties is as follows: (1 pay period x $50 per initial pay period x 723 = $36,150) + (26 pay periods x $100 per subsequent pay period =$2,600 = $2,650 x 723 class members) = **$1,879,800**

### 3. Failure to Pay Wages at Separation and Waiting Time Penalties.

Plaintiff seeks waiting time penalties under Labor Code section 203 on behalf of Class Members who were employed by Defendant but are no longer employed by Defendant. (Complaint ¶¶ 70-84.) Pursuant to California Labor Code section 203, Plaintiff alleges these former employees are entitled to recover waiting time penalties of up to 30 days' pay. (Complaint ¶ 76.)   Defendant's employment records show that that approximately 189 class members left Defendant's employ between July 8, 2022, and August 8, 2025. Assuming, most conservatively, each of these former employees are entitled to waiting time penalties for thirty-days' pay, at the lowest applicable minimum wage rate during the class period ($19.63 per hour), Plaintiff has put **$890,416.80** in controversy [189 former employees x $4,711.20 (30 days' pay * $157.04/day = $4,711.20) = $890,416.80].

### 4. Attorney's Fees

The above numbers also do not account for attorneys' fees. "[T]he Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees." *Giannini v. Northwester Mut. Life Ins. Co.*, 2012 WL 1535196, at *6 (N.D. Cal. Apr. 30, 2012); *Hanlon*

---

[2] Putative class members are compensated semi-monthly, on the 20th of the month for days worked from the 1st through the 15th, and the 5th of the following month for days worked from the 16th through the end of the month.

*v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Accordingly, "it is not unreasonable to rely on this estimate using the common fund method" for removal. *Giannini* 2012 WL 1535196, at *21. Plaintiff's theoretical attorneys' fees would therefore amount to an *additional* _$1,653,137.91 [($4,016,190.50+ $1,879,800.00+ $890,416.80 = $6,786,407.30 x 25% = $1,696,601.82] and bringing the total amount in controversy in excess of **$8,483,009.12**.

## IV.   VENUE

This action is now pending in Superior Court of the State of California, County of San Diego, and thus may be properly removed to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(d).

Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of San Diego, a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached thereto. A copy of Defendant's Notice of Filing of Notice of Removal is attached hereto as **Exhibit 5** (without exhibits because the exhibit is this notice). Further, Defendant has served upon Plaintiff a copy of this Notice of Removal and will promptly serve upon Plaintiff a copy of Defendant's Notice of Filing of Notice of Removal.

## V.   DEFENDANT CONSENTS TO REMOVAL

Defendant Southwest Airlines Co. is the only named defendant in this action, and therefore consents to the removal of the action, as required by 28 U.S.C. § 1446(b)(2)(A). A copy of Defendant's Notice of Adverse Parties is attached hereto as **Exhibit 6** (without exhibits because the exhibit is this notice).

## VI.   NOTICE TO THE COURT AND PARTIES

As required by 28 U.S.C. section 1446(d), a written notice of this Notice of Removal in the United States District Court for the Southern District of California will be served on Plaintiff's counsel of record Mara Law Firm, PC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of San Diego.

## VII.  CONCLUSION

Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States District Court for the Southern District of California, sitting in San Diego, because this is an action arising in San Diego County. This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Because this civil class action complies with the requirements of CAFA ((a) minimal diversity, (b) at least 100 putative class members, and (c) an amount in controversy that exceeds $5 million, exclusive of interest and costs) Defendant hereby removes the above-entitled action to this Court

Defendant does not waive any defense nor does it admit any of Plaintiff's allegations.

Dated: August 13, 2025                    **FISHER & PHILLIPS LLP**


By: */s/ David E. Amaya*
_____
David E. Amaya
Andrew B. Dizon
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

FP 56083802.1