# EXHIBIT 1

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

7/8/2025 3:48:31 PM

Clerk of the Superior Court
By M. Ramirez          , Deputy Clerk

David Mara, Esq. (230498)
Matthew Crawford, Esq. (310230)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 302
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for RAYMOND PITSICK-PEREZ, on behalf of himself,
all others similarly situated, and on behalf of the general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RAYMOND PITSICK-PEREZ, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.; and DOES 1-100,<br><br>Defendants. | Case No.    25CU036084C<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1) **Failure to Pay All Straight Time Wages;**<br>2) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**<br>3) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**<br>4) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT                                    1

Exhibit 1 - Page 11

Plaintiff Raymond Pitsick-Perez ("Plaintiff"), on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendant Southwest Airlines Co. ("Defendant") and/or DOES and for causes of action and alleges:

1.     This is a class action pursuant to *California Code of Civil Procedure* section 382 on behalf of Plaintiff and all hourly, non-exempt employees employed by Defendant and/or DOES who work at San Diego International Airport.

2.     At all times mentioned herein, Defendant and/or DOES have conducted business in San Diego County and elsewhere within California.

3.     At all times mentioned herein, Defendant and/or DOES, within the State of California, have, among other things, employed current and former hourly, non-exempt employees at the San Diego International Airport.

4.     Throughout the time period that includes the four (4) years prior to filing this action to the present (the "Statutory Period"), Defendant and/or DOES have maintained uniform policies that violate the wage and hour rights of Plaintiff and similarly situated hourly, non-exempt employees employed by Defendant and/or DOES who work at San Diego International Airport in the manner complained of herein.

5.     Throughout the Statutory Period, Defendant and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and similarly situated hourly, non-exempt employees employed by Defendant and/or DOES who work at San Diego International Airport all wages owed.

6.     Throughout the Statutory Period, Defendant and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

7.     Throughout the Statutory Period, Defendant's and/or DOES' employees, including Plaintiff and those similarly situated were not provided all straight time and minimum wages owed, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

CLASS ACTION COMPLAINT                            2

Exhibit 1 - Page 12

8.  Throughout the statutory period, Defendant's and/or DOES' hourly non-exempt employees, including Plaintiff, were not provided with accurate and itemized employee wage statements.

9.  Defendant and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

10. Defendant and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each workday and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

11. Defendant's and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of Defendant's and/or DOES' duty owed to Plaintiff and the proposed class.

12. Throughout the statutory period, Defendant's and/or DOES' employees, including Plaintiff those similarly situated, were not timely paid all wages owed to them at the time of termination.

13. Defendant and/or DOES are and were aware that Plaintiff and members of the proposed class were not paid all straight time and minimum wages owed. Defendant's and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and deliberate.

14. Defendant and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiff the proposed class, creating a joint-employer relationship over Plaintiff and the proposed class.

15. Plaintiff, on behalf of himself and all hourly, non-exempt employees employed by Defendant and/or DOES who work at San Diego International Airport at any time during

Exhibit 1 - Page 13

1     the Statutory Period brings this action pursuant to *California Labor Code* sections 201-

2     203, 218, 218.5, 222, 223, 224, 226, subd. (b), 226.3, 515, 558, 1194, 1194.2, 1197 and

3     *California Code of Regulations*, Title 8, sections 11090 and 3395, seeking unpaid wages,

4     penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

5    16.    Plaintiff, on behalf of himself and all hourly, non-exempt employees employed by

6     Defendant and/or DOES who work at San Diego International Airport at any time during

7     the Statutory Period, pursuant to *California Business and Professions Code* sections

8     17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits

9     Defendant and/or DOES enjoyed from their failure to pay all wages owed.

## I.   VENUE

11    17.    Venue as to each Defendant and/or DOES is proper in this judicial district, pursuant to

12     *California Code of Civil Procedure* section 395. Defendant and/or DOES conduct business

13     and commit *California Labor Code* violations within San Diego County, and each

14     Defendant and/or DOE is within California for service of process purposes. The unlawful

15     acts alleged herein have a direct effect on Plaintiff and those similarly situated within the

16     State of California and within San Diego County. Defendant and/or DOES employ

17     numerous hourly, non-exempt employees who perform and/or performed work for

18     Defendant and/or DOES in San Diego County, California at the San Diego International

19     Airport during the Statutory Period.

## II.   PARTIES

21   **A.**   **Plaintiff**.

22    18.    Throughout the Statutory Period, Plaintiff is and was a resident of California. During the

23     Statutory Period, Plaintiff was employed by Defendant and/or DOES in California as a

24     ramp agent.

25    19.    Plaintiff and the proposed class of similarly situated hourly, non-exempt employees

26     employed by Defendant and/or DOES who work at San Diego International Airport are

27     covered by, inter alia, California IWC Occupational Wage Order No. 9-2001, and Title 8,

28     *California Code of Regulations*, section 11090.

CLASS ACTION COMPLAINT      4

Exhibit 1 - Page 14

**B.**    **Defendant**.

20.    At all relevant times herein, Defendant and/or DOES employed Plaintiff and members of the proposed class to provide air transport services for Defendant's and/or DOES' customers in the State of California.

21.    On information and belief, Defendant and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

22.    Defendant and/or DOES have numerous offices and/or contacts in the State of California. On information and belief, California is the operation nerve center of one or more Defendants and/or DOES.

23.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under *California Code of Civil Procedure* section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

24.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant and/or DOES are legally attributable to the other Defendants and/or DOES.

### III.    CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the *California Code of Civil Procedure*. Plaintiff seeks to represent a Class composed of and defined as follows:

      All California citizens who are employed by Defendant and/or

Exhibit 1 - Page 15

1        DOES as hourly, non-exempt employees and worked at San Diego

2        International Airport during the period of the relevant statute of

3        limitations. ("Class Members")

4

5    Plaintiff also seeks to represent subclasses composed of and defined as follows:

6

7        All Class Members who worked one (1) or more shifts in which they

8        received a wage statement for the corresponding pay period.

9

10        All Class Members who separated their employment from

11        Defendant and/or DOES.

12

13  26.    Plaintiff reserves the right under Rule 1855, subdivision (b), *California Rules of Court*, to

14      amend or modify the Class description with greater specificity or further division into

15      subclasses or limitation to particular issues.

16  27.    This action has been brought and may properly be maintained as a class action under the

17      provisions of *California Code of Civil Procedure* section 382 because there is a well-

18      defined community of interest in the litigation and the proposed Class is easily

19      ascertainable.

20  **A.**    **Numerosity**.

21  28.    The potential members of the Class as defined are so numerous that joinder of all the

22      members of the Class is impracticable. While the precise number of Class Members has

23      not been determined at this time, Plaintiff is informed and believes that Defendant and/or

24      DOES currently employ, and during the liability period employed, over one hundred (100)

25      Class Members in San Diego County during the liability period and who are or have been

26      affected by Defendant's and/or DOES' policies of failure to pay all straight and minimum

27      wages owed, willful failure to pay all wages due at time of separation from employment,

28      and knowing and intentional failure to provide accurate and itemized employee wage

Exhibit 1 - Page 16

1    statements. Accounting for employee turnover during the relevant periods increases this

2    number substantially. Upon information and belief, Plaintiff alleges Defendant's and/or

3    DOES' employment records will provide information as to the number and location of all

4    Class Members. Joinder of all members of the proposed Class is not practicable.

5    **B.    Commonality.**

6    29.    There are questions of law and fact common to the Class that predominate over any

7    questions affecting only individual Class Members. These common questions of law and

8    fact include, without limitation:

9            (1)    Whether Defendant and/or DOES violated the *California*

10    *Labor Code* and/or applicable IWC Wage Orders in failing to pay its

11    employees all earned wages at the regular rate for all hours worked.

12            (2)    Whether Defendant and/or DOES have uniform policies

13    and/or practices of failing to provide employees accurate and itemized wage

14    statements.

15            (3)    Whether Defendant and/or DOES knowingly and

16    intentionally fail to provide employees accurate and itemized wage

17    statements.

18            (4)    Whether Defendant and/or DOES have uniform policies

19    and/or practices of failing to timely pay all wages owed to employees who

20    left Defendant's and/or DOES' employ or who were terminated.

21            (5)    Whether Defendant and/or DOES willfully fail to pay, in a

22    timely manner, wages owed to members of the proposed Class who left

23    Defendant's and/or DOES' employ or who were terminated.

24    30.    The answer to each of these respective questions will generate a common answer capable

25    of resolving class-wide liability in one stroke.

26    31.    Said common questions predominate over any individualized issues and/or questions

27    affecting only individual members.

28    **C.    Typicality.**

Exhibit 1 - Page 17

32. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendant's and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

33. Plaintiff was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as Plaintiff was subjected to the same unlawful policies and practices as all employees, his claims are typical of the class he seeks to represent.

**D.    Adequacy of Representation.**

34. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

35. Plaintiff is ready and willing to take the time necessary to help litigate this case.

36. Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class.

37. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

38. Specifically, David Mara, Esq. and Matthew Crawford, Esq. of Mara Law Firm, PC are California lawyers in good standing.

39. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

40. The lawyers at Mara Law Firm PC have been named class counsel in numerous cases.

41. Mara Law Firm PC's practice is primarily focused on representing classes, large and small, on the basis of *California Labor Code* and Wage Order Violations similar to those alleged herein. The firm is also frequently called upon to and does author amicus briefs on behalf of the Consumer Attorneys of California on cases in the appellate courts and Supreme Court of California involving important issues relating to those alleged herein.

42. Mara Law Firm, PC has the resources to take this case to trial and judgment, if necessary.

43. The lawyers at Mara Law Firm, PC have the experience, ability, and ways and means to

CLASS ACTION COMPLAINT                8

Exhibit 1 - Page 18

1    vigorously prosecute this case.

2    **E.        Superiority of Class Action.**

3    44.    A class action is superior to other available means for the fair and efficient adjudication of

4    this controversy. Individual joinder of all Class Members is not practicable, and questions

5    of law and fact common to the Class predominate over any questions affecting only

6    individual members of the Class. Each member of the Class has been damaged and is

7    entitled to recovery by reason of Defendant's and/or DOES' illegal policies and/or

8    practices of failing to pay all straight time and minimum wages owed, knowingly and

9    intentionally failing to comply with wage statement requirements, and failing to pay all

10    wages due at termination.

11    45.    Class action treatment will allow those similarly situated persons to litigate their claims in

12    the manner that is most efficient and economical for the parties and the judicial system.

13    Plaintiff is unaware of any difficulties that are likely to be encountered in the management

14    of this action that would preclude its maintenance as a class action.

15    46.    Because such common questions predominate over any individualized issues and/or

16    questions affecting only individual members, class resolution is superior to other methods

17    for fair and efficient adjudication.

18    **IV.    CAUSES OF ACTION**

19    **FIRST CAUSE OF ACTION AGAINST DEFENDANT AND/OR DOES: Failure to Pay All**

20    **Straight Time Wages**

21    47.    Plaintiff and those similarly situated Class Members hereby incorporate by reference each

22    and every other paragraph in this Complaint herein as if fully plead.

23    48.    Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those

24    similarly situated for all hours worked.

25    49.    It is fundamental that an employer must pay its employees for all time worked. *California*

26    *Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages.

27    *California Labor Code* section 222 prohibits the withholding of part of a wage. *California*

28    *Labor Code* section 223 prohibits the payment of less than a statutory or contractual wage.

CLASS ACTION COMPLAINT                    9

Exhibit 1 - Page 19

scale. *California Labor Code* section 1197 prohibits the payment of less than the minimum wage. *California Labor Code* section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. *California Labor Code* section 1194.2 states that an employee receiving less than the legal minimum wage is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. *California Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

50. Plaintiff and those similarly situated Class Members were employed by Defendant and/or DOES at all relevant times. Defendant and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

51. Defendant and/or DOES have a continuous policy of failing to pay Plaintiff and Class Members for all hours worked by consistently shorting Plaintiff's and Class Members' pay. Defendant and/or DOES require Plaintiff and Class Members to park in a designated parking lot approximately two miles away from the San Diego International Airport. The only way for Plaintiff and Class Members to get to the airport from this parking lot is to take a shuttle. However, despite the fact they are required to take this shuttle to get to the airport when they drive to work, Plaintiff and Class Members are not paid for the time they spend waiting for the shuttle to arrive or the time they spend traveling on the shuttle to the airport at the start of their shifts, nor are they paid for the time they spend waiting for the shuttle or the time they spend traveling on the shuttle from the airport back to the parking lot at the end of their shifts.

52. Defendant and/or DOES advise Plaintiff and Class Members that they should leave enough time before the start of their shift to arrive at the remote parking lot and travel on the shuttle so that they can begin their shift at the airport at their scheduled time. Thus, Defendant

Exhibit 1 - Page 20

and/or DOES expect Plaintiff and Class Members to take the shuttle from and to the remote parking lot and it knows there is a substantial delay Plaintiff and Class Members incur in having to wait for and ride to the shuttle. When Plaintiff and Class Members are late to work and complain that it was from an abnormal delay waiting for the shuttle or some other interference while on the shuttle en route to the airport for the start of their shift, Defendant and/or DOES will check the timestamps of when they arrived at the parking lot to ensure Plaintiff and Class Members arrived at the remote parking lot no later than a half hour before their scheduled shift. Discipline will be determined by, among other things, whether Plaintiff and Class Members arrived at the remote parking lot at least a half hour before their designated start time. Such is proof that Defendant and/or DOES expects Plaintiff and Class Members to take the shuttle sufficiently in advance of their shift so they arrive on time.

53. Plaintiff and Class Members are informed and believe and thereon allege that Defendant and/or DOES breached the legal duty to pay full wages to Plaintiff and Class Members by failing to pay Plaintiff and Class Members for time when Plaintiff and Class Members were not relieved of all duties and/or employer control.

54. Defendant and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and Class Members. Defendant and/or DOES acted with malice or in conscious disregard of Plaintiff's and Class Members' rights

55. Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

56. As a direct result of Defendant's and/or DOES' policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

CLASS ACTION COMPLAINT                              11

Exhibit 1 - Page 21

1    57.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

2          below.

3    **SECOND CAUSE OF ACTION AGAINST DEFENDANT AND/OR DOES**: Knowing and

4    **Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab.**

5    **Code §§ 226, 246, 1174, 1175; IWC Wage Order No. 9-2001; Cal. Code Regs., Title 8, § 11090)**

6    58.    Plaintiff and those similarly situated Class Members hereby incorporate by reference each

7          and every other paragraph in this Complaint herein as if fully plead.

8    59.    *California Labor Code* section 226(a) requires Defendant and/or DOES to, inter alia,

9          itemize in wage statements and accurately report the total hours worked and total wages

10         earned. Defendant and/or DOES have knowingly and intentionally failed to comply with

11         *California Labor Code* section 226, subdivision (a), on each and every wage statement

12         provided to Plaintiff and members of the proposed Class.

13   60.    *California Labor Code* section 1174 requires Defendant and/or DOES to maintain and

14         preserve, in a centralized location, records showing the daily hours worked by and the

15         wages paid to its employees. Defendant and/or DOES have knowingly and intentionally

16         failed to comply with *California Labor Code* section 1174. The failure of Defendant and/or

17         DOES, and each of them, to comply with *California Labor Code* section 1174 is unlawful

18         pursuant to *California Labor Code* section 1175.

19   61.    Defendant and/or DOES fail to maintain accurate time records - as required by IWC Wage

20         Order No. 9-2001(7), and *California Code of Regulations* Title 8 section 11090 - showing,

21         among other things, when the employee begins and ends each work period, the total daily

22         hours worked in itemized wage statements, total wages, bonuses and/or incentives earned,

23         and all deductions made.

24   62.    Defendant and/or DOES have knowingly and intentionally failed to provide Plaintiff and

25         the Class Members with accurate itemized wage statements which show: "(1) gross wages

26         earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned

27         and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

28         deductions, provided that all deductions made on written orders of the employee may be

Exhibit 1 - Page 22

aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]" Cal. Lab. Code § 226(a).

63.    In addition, *California Labor Code* section 204(b) requires that "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period." An employer complies with *California Labor Code* section 226(a) "if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked."

64.    Defendant and/or DOES have knowingly and intentionally failed to comply with *California Labor Code* section 226(a) by failing to list all of the required information on each and every wage statement provided to Plaintiff and Class Members.

65.    Additionally, by virtue of its failure to pay for all time worked, Defendant and/or DOES knowingly and intentionally did not correctly itemize the gross wages earned, total hours worked, net wages earned, and number of hours worked at each hourly rate on wage statements provided to Plaintiff and Class Members as *California Labor Code* section 226, subsection (a), requires in every pay period during the period of the relevant statute of limitations.

66.    As outlined above, Defendant and/or DOES have a continuous policy of not paying Plaintiff and Class Members for all hours worked in that Defendant and/or DOES has not paid for all the time Plaintiff and Class Members worked throughout the day, including the mandatory time waiting for and riding the shuttle to and from the San Diego International

Exhibit 1 - Page 23

1    Airport at the beginning and end of their shifts. This compensable time under Defendant's

2    and/or DOES' control resulted in several unpaid hours every pay period that was not

3    accounted for in the total hours worked section of Plaintiff's and Class Members' wage

4    statements.

5    67.    As a result of the knowing and intentional failure by Defendant and/or DOES to comply

6    with itemized employee wage statement provisions, Plaintiff and the Class Members have

7    been able to reconstruct only a reasonable estimate of the hours worked and have, therefore,

8    not received full compensation.

9    68.    As a direct result of Defendant's and/or DOES' unlawful acts, Plaintiff and the Class he

10    intends to represent have been damaged and are entitled to recovery of such amounts, plus

11    interest thereon, attorneys' fees, and costs, pursuant to *California Labor Code* section 226,

12    226.3, and 246.

13    69.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

14    below.

15    **THIRD CAUSE OF ACTION AGAINST DEFENDANT AND/OR DOES: Failure to Pay All**

16    **Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

17    70.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

18    and every other paragraph in this Complaint herein as if fully plead.

19    71.    Whether Plaintiff voluntarily or involuntarily terminated his employment with Defendant

20    and/or DOES, Defendant and/or DOES did not timely pay him all minimum or straight

21    time wages owed at the time of his termination.

22    72.    Numerous members of the Class are no longer employed by Defendant and/or DOES. They

23    were either fired or they quit Defendant's and/or DOES' employ. Defendant and/or DOES

24    did not pay all timely wages owed at the time of their termination.

25    73.    *California Labor Code* sections 201 and 202 provide that if an employer discharges an

26    employee, the wages earned and unpaid at the time of discharge are due and payable

27    immediately, and if an employee quits his or her employment, his or her wages shall

28    become due and payable no later than seventy-two (72) hours thereafter, unless the

CLASS ACTION COMPLAINT                    14

Exhibit 1 - Page 24

1      employee has given seventy-two (72) hours' notice of his or her intention to quit, in which

2      case the employee is entitled to his or her wages at the time of quitting.

3  74.  During the relevant time period, Defendant and/or DOES intentionally and willfully failed

4      to pay Plaintiff's and the Class Members' who are no longer employed by Defendant and/or

5      DOES their wages that were earned and unpaid within seventy-two (72) hours of their

6      leaving Defendant's and/or DOES' employ in violation of *California Labor Code* sections

7      201 and 202.

8  75.  *California Labor Code* section 203 provides that, if an employer willfully fails to pay,

9      without abatement or reduction, in accordance with *California Labor Code* sections 201,

10      201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages

11      of the employee shall continue at the same rate, for up to thirty (30) days from the due date

12      thereof, until paid or until an action therefore is commenced.

13  76.  Defendant and/or DOES fail to pay Plaintiff and Class Members a sum certain at the time

14      of their termination or within seventy-two (72) hours of their resignation and have failed

15      to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *California*

16      *Labor Code* section 203, Plaintiff and Class Members are entitled to a penalty in the amount

17      of their daily wage, multiplied by thirty (30) days.

18  77.  During the relevant time period, Defendant and/or DOES intentionally and willfully failed

19      to pay employees who are no longer employed by Defendant and/or DOES their wages,

20      that were earned and unpaid, within seventy-two (72) hours of their leaving Defendant's

21      and/or DOES' employ.

22  78.  As outlined above, Defendant and/or DOES have a continuous policy of not paying

23      Plaintiff and Class Members for all hours worked in that Defendant and/or DOES have not

24      paid for all the time Plaintiff and Class Members worked throughout the day, including the

25      mandatory time waiting for and riding the shuttle to and from the San Diego International

26      Airport at the beginning and end of their shifts. This compensable time under Defendant's

27      and/or DOES' control results in considerable unpaid wages owed to Plaintiff and Class

28      Members that is not accounted for in their final wages at the time of termination when they

CLASS ACTION COMPLAINT         15

Exhibit 1 - Page 25

1    are fired or within seventy-two (72) hours of their leaving Defendant's and/or DOES'

2    employ when they quit.

3    79.    Furthermore, when Plaintiff and Class Members are able to take meal periods, Plaintiff and

4          Class Members are not relieved of all duties and/or employer control during their meal

5          periods. For example, Plaintiff and Class Members worked through their meal periods to

6          satisfy their demanding work duties imposed by Defendant and/or DOES, thereby denying

7          them the right to be completely free from employer control under California law. Because

8          Defendant and/or DOES pays Plaintiff and Class Members bonuses based on the number

9          of loads they complete, Plaintiff and Class Members are incentivized to work through their

10         meal periods or risk being paid less for the day.

11   80.    In addition, Defendant and/or DOES require Plaintiff and Class Members to remain in

12         constant attendance of their trucks and its contents at all times because Defendant and/or

13         DOES is in the business of transporting hazardous materials. As such, Plaintiff and Class

14         Members are never relieved of all duties and/or employer control during their meal periods,

15         and Plaintiff and Class Members should therefore be paid for the time spent clocked out

16         during unpaid meal periods.

17   81.    Additionally, when Plaintiff and those members of the Class who are former employees of

18         Defendant and/or DOES separate from Defendant's and/or DOES' employ, Defendant

19         and/or DOES willfully fail to pay all wages owed at the time of termination.

20   82.    Defendant's and/or DOES' failure to pay said wages to Plaintiff and members of the Class

21         he seeks to represent, was willful in that Defendant and/or DOES and each of them knew

22         the wages to be due, but failed to pay them.

23   83.    As a consequence of Defendant's and/or DOES' willful conduct in not paying wages owed

24         at the time of separation from employment, Plaintiff and members of the proposed Class

25         are entitled to thirty (30) days' worth of wages as a penalty under *California Labor Code*

26         section 203, together with interest thereon and attorneys' fees and costs.

27   84.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

28         below.

CLASS ACTION COMPLAINT                16

Exhibit 1 - Page 26

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT AND/OR DOES**: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)

85.     Plaintiff and those similarly situated Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

86.     Defendant and/or DOES failure to pay all straight time and minimum wages earned, failure to itemize and keep accurate records, and failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by *California Business and Professions Code* section 17200, et seq.

87.     The actions of Defendant and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of *California Business and Professions Code* section 17200, et seq.

88.     Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to Defendant and/or DOES unlawful acts and practices.

89.     As a result of their unlawful acts, Defendant and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. Defendant and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to *California Business and Professions Code* section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendant and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed Class.

90.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced Defendant and/or DOES unfair trade practices.

91.     As a direct and proximate result of the unfair business practices of Defendant and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated,

CLASS ACTION COMPLAINT                    17

Exhibit 1 - Page 27

1 | are entitled to equitable and injunctive relief, including full restitution and/or disgorgement
2 | of all wages and premium pay which have been unlawfully withheld from Plaintiff and
3 | members of the proposed Class as a result of the business acts and practices described
4 | herein and enjoining Defendant and/or DOES from engaging in the practices described
5 | herein.

6 | 92. The illegal conduct alleged herein is continuing, and there is no indication that Defendant
7 | and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if
8 | Defendant and/or DOES are not enjoined from the conduct set forth in this Complaint, they
9 | will continue the unlawful activity discussed herein.

10 | 93. Plaintiff further requests that the Court issue a preliminary and permanent injunction
11 | prohibiting Defendant and/or DOES from continuing to not pay Plaintiff and the members
12 | of the proposed Class all earned but unpaid wages as discussed herein.

13 | 94. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described
14 | below.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the Court determine that this action may be maintained as a class action;

B. For compensatory damages, in an amount according to proof at trial, with interest thereon;

C. For economic and/or special damages in an amount according to proof with interest thereon;

D. For compensation for all time worked;

E. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

F. For all waiting time penalties owed;

G. That Defendant and/or DOES be found to have engaged in unfair competition in violation of sections 17200 et seq. of the *California Business and Professions Code*;

H. That Defendant and/or DOES be ordered and enjoined to make restitution to the Class

CLASS ACTION COMPLAINT                    18

Exhibit 1 - Page 28

1    due to their unfair competition, including disgorgement of their wrongfully withheld

2    wages pursuant to *California Business and Professions Code* sections 17203 and

3    17204;

4    I.   That an order of specific performance of all penalties owed be issued under *California*

5         *Business and Professions Code* sections 17202;

6    J.   That Defendant and/or DOES be enjoined from continuing the illegal course of

7         conduct, alleged herein;

8    K.   That Defendant and/or DOES further be enjoined to cease and desist from unfair

9         competition in violation of section 17200 et seq. of the *California Business and*

10        *Professions Code*;

11   L.   That Defendant and/or DOES be enjoined from further acts of restraint of trade or

12        unfair competition;

13   M.  For attorneys' fees;

14   N.   For liquidated damages;

15   O.   For interest accrued to date;

16   P.   For costs of suit and expenses incurred herein; and

17   Q.   For any such other and further relief as the Court deems just and proper.

18                              **DEMAND FOR JURY TRIAL**

19   Plaintiff demands a jury trial.

20   Dated: July 8, 2025                    **MARA LAW FIRM, PC**

21

22

23                                         David Mara, Esq.

24                                         Matthew Crawford, Esq.
                                           Attorneys for Plaintiff RAYMOND PITSICK-
25                                         PEREZ, on behalf of himself, all others similarly
                                           situated, and on behalf of the general public

26

27

28

CLASS ACTION COMPLAINT                   19

Exhibit 1 - Page 29

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHWEST AIRLINES CO.; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAYMOND PITSICK-PEREZ, on behalf of himself, all others similarly situated, and on behalf of the general public,

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

7/8/2025 3:48:31 PM

Clerk of the Superior Court
By M. Ramirez        ,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)*: Hall of Justice<br><br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso)*: **25CU036084C** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
David Mara, Esq./Mara Law Firm, PC/2650 Camino Del Rio North, Suite 302/San Diego, CA 92108  619-234-2833

| DATE:<br>*(Fecha)*    July 9, 2025 | Clerk, by<br>*(Secretario)*  D. Ramirez  M.Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Southwest Airlines Co.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1 - Page 30

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Mara (SBN 230498); Matthew Crawford (SBN 310230) Mara Law Firm, PC 2650 Camino Del Rio, N. Suite 302, San Diego, CA 92108 | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego |

TELEPHONE NO.: 619-234-2833          FAX NO.: 619-234-4048
EMAIL ADDRESS: dmara@maralawfirm.com; mcrawford@maralawfirm.com
ATTORNEY FOR *(Name):* RAYMOND PITSICK-PEREZ

7/8/2025 3:48:31 PM

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

Clerk of the Superior Court
By M. Ramirez          ,Deputy Clerk

CASE NAME:
RAYMOND PITSICK-PEREZ v. SOUTHWEST AIRLINES CO.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $35,000) | ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 25CU036084C |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 4
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 7/8/2025

Matthew Crawford, Esq.
_____
(TYPE OR PRINT NAME)                                   ▶ *(signature)*
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Exhibit 1 - Page 31

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

Exhibit 1 Page 32